# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40753
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO PINEDA,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-73

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alfredo Pineda appeals his jury trial conviction for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and/or 50 grams or more of actual methamphetamine. He contends there was insufficient evidence to sustain his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40753

We review the sufficiency of the evidence under the plain error standard to determine whether there has been a manifest miscarriage of justice. *See United States v. Delgado*, 672 F.3d 320, 328-31 & n.9 (5th Cir. 2012) (en banc). Considering the evidence in the light most favorable to the Government, and giving the Government the benefit of all reasonable inferences and credibility choices, the record was not "devoid of evidence pointing to guilt," and the evidence was not "so tenuous that a conviction is shocking." *Id.* at 331 (internal quotation marks, citation, and emphasis omitted). Most of the evidence that showed Pineda agreed with Julian Espinoza to possess with intent to distribute methamphetamine and voluntarily participated in this agreement came from Octavio Diaz, an accomplice cooperating with the Government. Diaz testified that Pineda said he did not bring anything with him because he thought he was being followed by law enforcement and that Espinoza then told Pineda to go get the drugs. Diaz's testimony was consistent with evidence that local law enforcement had been surveilling Pineda and lost track of him prior to his arrival at Espinoza's house and that an empty bag emitting an odor consistent with methamphetamine was found in Pineda's car. Accordingly, Diaz's credibility was a question for the jury to decide. *See United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009). Pineda's conviction did not result in a manifest miscarriage of justice. *See Delgado*, 672 F.3d at 331.

The judgment of the district court is AFFIRMED.